IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
DANVILLE DIVISION

| | | |
|---|---|---|
| DAVID R. HYDE, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 4:12-cv-00040 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| CAROLYN W. COLVIN, | ) | By: Hon. Jackson L. Kiser |
| Acting Commissioner of Social Security, | ) | Senior United States District Judge |
| | ) | |
| Defendant. | ) | |

Before me is the Report and Recommendation ("R & R") of the Honorable B. Waugh Crigler, recommending that I grant Plaintiff's Motion for Summary Judgment, enter judgment for the Plaintiff, and recommit the case to the Commissioner for the sole purpose of calculating and paying proper benefits. [ECF No. 26.] The R & R was filed on September 19, 2013, and the Commissioner filed a timely Objection on September 26, 2013. [ECF No. 27.] Plaintiff offered no response within the subsequent fourteen (14) day period, and the matter is now ripe for review. *See* Fed. R. Civ. P. 72(b)(2). After careful review and consideration, and for the reasons stated below, I will **SUSTAIN IN PART AND OVERRULE IN PART** the Commissioner's Objection, **ADOPT IN PART AND REJECT IN PART** Judge Crigler's R & R, **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Summary Judgment, **DENY** the Commissioner's Motion for Summary Judgment, **GRANT** Plaintiff's Motion to Complete the Record, and **REMAND** this case to the Commissioner for further proceedings.

### I.     STATEMENT OF FACTS AND PROCEDURAL HISTORY

On March 11, 2009, Plaintiff David R. Hyde ("Plaintiff") protectively filed an application for a period of disability and disability insurance benefits under Title II of the Social Security

- 1 -

Act ("the Act"). (R. at 112−17); *see* 42 U.S.C. §§ 401−433. Plaintiff alleged that he has been unable to work since December 13, 2008, due to the combined effects of his psoriatic arthritis, Reiter's syndrome, back surgery, disc disease, high blood pressure, bipolar disorder, depression, and sleep disturbance. (R. at 136.) Based on his medical reports, the Commissioner initially denied his claim on July 10, 2009, and again upon reconsideration on December 1, 2009. (R. at 59−63, 66−68, 162−74, 197−211.) At Plaintiff's request, Administrative Law Judge R. Neely Owen ("the ALJ") conducted a video hearing on June 17, 2010, to determine whether Plaintiff was disabled within the meaning of the Social Security Act. (R. at 32-56, 71−72.) During the hearing, the ALJ solicited testimony from both Plaintiff and a vocational expert, Dr. Gerald Wells. (R. at 32−56.)

In a decision dated August 27, 2010, the ALJ concluded that Plaintiff was not disabled within the meaning of the Act. (R. at 23.) The ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability, and determined that his spine disorders, psoriatic arthritis/Reiter's syndrome, discogenic/degenerative back disease, angina pectoris with ischemic heart disease, essential hypertension, affective disorder, and anxiety disorder amounted to severe impairments. (R. at 16−17.) The ALJ also found, however, that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the impairments listed in the regulations. (R. at 17̶18 ); *see* 20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526.

At the next step of the evaluation, the ALJ found that Plaintiff retained the residual functional capacity ("RFC") to perform the full range of light work, with some limitations.[1] (R.

---

[1] The ALJ found that Plaintiff could perform the full range of light work, but could only occasionally stoop, kneel, crouch, crawl, or climb ramps, stairs, ladders, ropes, and scaffolds, and was limited to low stress, uncomplicated work activities. (R. at 18−19.) Light work is defined in 20 C.F.R. § 404.1567(b) as involving lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up

at 18–22.)  Although Dr. Caldwell, Plaintiff's treating rheumatologist, indicated that Plaintiff could not work in any capacity, part-time or full-time, the ALJ gave "little weight" to his opinion.  (R. at 19.)  The ALJ supplied three reasons to discount Dr. Caldwell's medical expertise: (1) whether Plaintiff is unable to work goes essentially to the question of disability reserved to the Commissioner; (2) Dr. Caldwell did not quantify the restrictions he provided; and (3) Plaintiff's medical record and daily activities were not consistent with these limitations.  (R. at 19–20.)  Thus, while Plaintiff was unable to perform his previous job of building tires, the ALJ relied on testimony of the vocational expert to determine that Plaintiff could still perform other jobs in the national economy.[2]

On October 22, 2010, Plaintiff petitioned the Appeals Council to review the ALJ's hearing decision.  (R. at 6–10.)  Plaintiff submitted additional evidence at this stage, including a residual functional capacity ("RFC") assessment completed by Dr. Caldwell.  (R. at 4, 583–602.) In his RFC assessment, Dr. Caldwell quantified each of Plaintiff's limitations.  (R. at 583–88.) The Appeals Council concluded that there was no basis for review, and denied the request on July 19, 2012.  (R. at 1–3.)  Accordingly, the ALJ's decision became the final decision of the Commissioner.  (R. at 1.)

Plaintiff filed suit in this Court on September 17, 2012.  (Comp. [ECF No. 1].)  Pursuant to 28 U.S.C. § 636(b)(1)(B), I referred the case to Magistrate Judge B. Waugh Crigler for consideration.  (Order, May 14, 2013 [ECF No. 12].)  Plaintiff and the Commissioner filed cross-motions for summary judgment, and Judge Crigler heard oral argument via telephone on July 29, 2013.  (*See* Pl.'s Mot. Summ. J.; Def.'s Mot. Summ. J.)  On August 1, 2013, Plaintiff filed a

---

to 10 pounds.  A job in this category requires a good deal of walking or standing, or when it involves sitting most of the time, some pushing and pulling of arm or leg controls.

[2] The representative occupations from the ALJ's decision include employment as a washer/driver at an auto dealership, a service station attendant, and a cafeteria attendant.  (R. at 22–23.)

Motion to Complete the Record, seeking to introduce evidence of a subsequent award of benefits and denial of request for reconsideration.[3] (Pl.'s Mot. Complete R. [ECF No. 23].) In response, the Commissioner filed a brief arguing that a subsequent favorable decision does not constitute new and material evidence. (*See* Def.'s Resp. Pl.'s Mot. Complete R. [ECF No. 25].)

On September 19, 2013, Judge Crigler filed his Report and Recommendation, recommending that I grant Plaintiff's Motion for Summary Judgment, deny the Commissioner's Motion for Summary Judgment, enter judgment for Plaintiff, and recommit this case to the Commissioner for the sole purpose of calculating and paying benefits. (*See* R & R.) Judge Crigler found that substantial evidence did not support the ALJ's finding that Dr. Caldwell's opinion was entitled to little weight. (*Id.* at 10−11.) Further, Judge Crigler concluded that the ALJ did not pose appropriate hypothetical questions or solicit adequate testimony from the vocational expert with respect to Plaintiff's limitations. (*Id.* at 12−13.)

On September 26, 2013, the Commissioner filed a timely objection to the R & R, arguing that the Magistrate Judge erred in two respects. (*See* Def.'s Obj.) First, the Commissioner asserts that there was substantial evidence to support the weight that the ALJ gave to Dr. Caldwell's opinion. (*Id.* at 2−5.) Second, even if this finding was not supported by substantial evidence, the Commissioner argues that the appropriate remedy is remand, not reversal for the payment of benefits. (*Id.* at 5−6.) Plaintiff did not reply to these objections, and the matter is now ripe for review.

---

[3] During the pendency of appeal in the instant case, the Commissioner approved Plaintiff's second application for disability insurance benefits. The Commissioner found that Plaintiff became disabled on August 28, 2010, and would be entitled to monthly disability benefits beginning in February 2011. In the Notice of Reconsideration, the Commissioner explained that in the event of separate disability hearings, Social Security Administration regulations prohibit the award of disability benefits for any time prior to the previous hearing decision. Since the ALJ's hearing decision at issue in this case was dated August 27, 2010, the Commissioner could not award benefits prior to August 28, 2010. (*See* Pl.'s Mot. Complete R. Ex. B.)

## II.     STANDARD OF REVIEW

Congress has limited the judicial review I may exercise over decisions of the Social Security Commissioner. I am required to uphold the decision where: (1) the Commissioner's factual findings are supported by substantial evidence; and (2) the Commissioner applied the proper legal standard. *See* 42 U.S.C. § 405(g); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). The Fourth Circuit has long defined substantial evidence as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). In other words, the substantial evidence standard is satisfied by producing more than a scintilla but less than a preponderance of the evidence. *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966).

The Commissioner is charged with evaluating the medical evidence and assessing symptoms, signs, and findings to determine the functional capacity of the claimant. 20 C.F.R. §§ 404.1527–404.1545; *see Shively v. Heckler*, 739 F.2d 987, 990 (4th Cir. 1984) (noting that it is the role of the ALJ, not the vocational expert, to determine disability). The Regulations grant the Commissioner latitude in resolving factual inconsistencies that may arise during the evaluation of the evidence. 20 C.F.R. §§ 404.1527, 416.927 (2012). Unless the decision lacks substantial evidence to support it, the ultimate determination of whether a claimant is disabled is for the ALJ and the Commissioner. *See id.* §§ 404.1527(e), 416.927(e); *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987). If the ALJ's resolution of the conflicts in the evidence is supported by substantial evidence, then I must affirm the Commissioner's final decision. *Laws*, 368 F.2d at 642. In reviewing the evidence, I must not "undertake to re-weigh conflicting evidence, make

credibility determinations, or substitute [my] judgment for that of the Secretary.[4]" *Mastro*, 270 F.3d at 176 (quoting *Craig*, 76 F.3d at 589).

When a claimant submits additional evidence on administrative appeal, and where the Appeals Council considers the evidence but denies review, courts must consider the record as a whole, including the new evidence, in determining whether the final decision is supported by substantial evidence or whether there is good cause to remand for further proceedings. *Meyer v. Astrue*, 662 F.3d 700, 707 (4th Cir. 2011); *Wilkins v. Secretary*, 953 F.2d 93, 96 (4th Cir. 1991).

### III. DISCUSSION

The Commissioner objects to the Report and Recommendation of Magistrate Judge Crigler in two respects. First, she objects to the finding that substantial evidence did not support the ALJ's determination that Dr. Caldwell's opinion was entitled to little weight. (Def.'s Obj. 2–5.) Second, the Commissioner argues that even if the ALJ's finding was not supported by substantial evidence, the appropriate remedy is remand and not reversal for the payment of benefits. (*Id.* at 5–6.) This Court reviews *de novo* any portion of the Magistrate Judge's recommendation to which the Commissioner objects. Fed. R. Civ. P. 72(b)(3). Accordingly, I will address each of these objections in turn.

#### A. *Failure to Properly Weigh the Opinion of Dr. Caldwell*

---

[4] Or the secretary's designate, the ALJ. *See Craig*, 76 F.3d at 589 (quoting *Walker v. Bowen*, 834 F.2d 635, 640 (7th Cir. 1987).

In his hearing decision, the ALJ found that the opinion of Dr. Caldwell, Plaintiff's treating rheumatologist, was entitled to "little weight." (R. at 19.) The ALJ offered three justifications to support this finding: (1) Dr. Caldwell's statement that claimant is unable to work in any capacity "goes essentially to the question of disability reserved to the Commissioner;" (2) Dr. Caldwell did not quantify the restrictions he provided; and (3) Plaintiff's medical record and daily activities are not consistent with these limitations. (R. at 19–20.) The Commissioner objects to Magistrate Judge Crigler's determination that this finding was not supported by substantial evidence. (Def.'s Obj. 2–5.) After careful review of the Record, I must agree with Judge Crigler's conclusion that there was not substantial evidence to support the decision of the ALJ with respect to Dr. Caldwell, even though as a treating physician, his opinion was entitled to greater weight.

Medical opinions are evaluated according to specific guidelines and criteria found in 20 C.F.R. § 404.1527. Generally, the opinions of treating physicians are given more weight than those of other medical professionals. *See id.* § 404.1527(c)(2). In part, this deference arises from the recognition that treating physicians are uniquely situated to evaluate medical conditions. They are "likely to be the medical professionals most able to provide a detailed, longitudinal picture of [an individual's] medical impairment(s)," and treating physicians "may bring a unique perspective to the medical evidence that cannot be obtained from the objective medical findings alone or from reports of individual examinations." *Id.*

If the Commissioner determines that a treating physician's opinion[5] is "well-supported by medically acceptable clinical and laboratory diagnostic techniques and is not inconsistent with other substantial evidence" in the case record, then the Commissioner will give the opinion

---

[5] More precisely, "a treating source's opinion on the issue(s) of the nature and severity of [claimant's] impairment(s)." 20 C.F.R. § 404.1527(c)(2).

"controlling weight." *Id.* If a medical opinion is not given controlling weight, it will be evaluated according to several specifically enumerated factors, including: length of the treatment relationship, frequency of examination, nature and extent of the treatment relationship, supportability from the evidence, consistency, specialization, and other factors. *See* § 404.1527(c)(2)(i), (c)(2)(ii), (c)(3)–(c)(6).

With these factors in mind, an examination of the Record reveals a dearth of substantial evidence to support the ALJ's decision with respect to Dr. Caldwell. Dr. Caldwell is a specialist in rheumatology and has been Plaintiff's treating physician since 1989. The ALJ is correct that Dr. Caldwell's opinion that Plaintiff is unable to work goes to a question of disability reserved to the Commissioner. As Judge Crigler pointed out, however, "the fact that Dr. Caldwell offered such an opinion does not in itself undermine the credibility of his medical opinion." (R & R 10.)

The Commissioner's finding that Dr. Caldwell did not adequately quantify his restrictions lacks substantial evidentiary support as well. In the same letter in which he advises that Plaintiff is unable to work, Dr. Caldwell indicates that Plaintiff is unable to engage in *any* repetitive function. (R. at 579.) He "requires periods of rest throughout the day," is unable to "stand or walk for extended periods of time," and "cannot sit in a work posture for extended periods." (*Id.*) When the ALJ found that Dr. Caldwell had not adequately quantified these restrictions, Plaintiff responded by producing additional relevant evidence. (R. at 583–88.) Although the ALJ did not have the benefit of Dr. Caldwell's RFC assessment at the hearing stage, the Appeals Council incorporated it into the Record as part of their denial of Plaintiff's request for review. (R. at 4.) As a result, the Magistrate Judge and I can consider it in assessing the weight that the Commissioner gave to Dr. Caldwell's evidence.

In his RFC assessment, Dr. Caldwell very clearly quantified each of Plaintiff's limitations.[6] Moreover, in her Objection to the Report and Recommendation, the Commissioner appears to concede that "Plaintiff rectified the problem that Dr. Caldwell did not quantify the restrictions[.]" (Def.'s Obj. 3.) Mindful that I must consider the Record as a whole, and in light of the surfeit of evidence to support his medical opinion, I must agree with Judge Crigler that it is "difficult . . . to imagine how much more credible and specific Dr. Caldwell's assessment could be." (R & R 10.) Consequently, there is a lack of substantial evidence to justify the ALJ's decision not to accord the expertise of Dr. Caldwell its proper weight.

Finally, the ALJ found that Plaintiff's medical records and daily activities are not consistent with his alleged limitations. (R. at 19–20.) The Commissioner essentially argues that the medical records indicate Plaintiff responded to treatment, and thus regained his vocational capabilities. (Def.'s Obj. 3–5.) As Judge Crigler notes, however, the ALJ "missed the point . . . that [P]laintiff's pain was controlled only by a combination of medications and limited activity." (R & R 11 (citing R. at 579).) In his hearing decision, the ALJ seems to equate "treatment" with medication and surgery. (R. at 20.) The medical records from Plaintiff's treating physician, on the other hand, indicate clearly that "[l]imited physical activity and periods of rest are a very significant component of his overall management," and are "equally important to the medications he now requires . . . ." (R. at 579.) Moreover, treatment only controlled Plaintiff's *acute* symptoms, and failed to alleviate his chronic, disabling pain. (*Id.*)

The only medical records the Commissioner is able to point to are entirely consistent with Dr. Caldwell's opinions. Plaintiff's surgeon, Dr. Bagley, indicated that Plaintiff had shown improvement as a result of his continuing treatment. (Def.'s Obj. 3–4 (citing R. at 20, 380–81,

---

[6] For example, Plaintiff can sit for 45 minutes at one time before he needs to get up, can stand for 15 minutes at one time before needing to sit down, must walk around every 45 minutes during an 8-hour working day, etc. (R. at 583–88.)

464−65, 566).) In addition, Plaintiff reported that he was walking up to 2.5 miles per day. (R. at 20, 381.) While the Commissioner seems to suggest that this undermines Dr. Caldwell's opinion, in the RFC assessment Dr. Caldwell indicated that Plaintiff *must* walk for 5 minutes, every 45 minutes, during an 8-hour working day. (R. at 585.) As the Commissioner notes in his description of Plaintiff's daily routine, the distance of up to 2.5 miles is covered over multiple walks throughout the day, rather than accomplished all at once. (Def.'s Obj. 4 (citing R. at 151).)

The Commissioner also points to a number of Plaintiff's daily activities which she asserts undermine the opinion of Dr. Caldwell. (Def.'s Obj. 4.) Among them, the Commissioner includes watching television, washing dishes, dusting furniture, occasional laundry, coin collecting, attending church, listening to music, reading, and playing on the computer. (*Id.*) None of these activities contradict Dr. Caldwell's opinion, and there is ultimately no valid medical evidence in the Record to contradict the reports and assessments of Plaintiff's treating physician.[7] Instead, the ALJ "appears simply to have substituted his lay opinion for that of the overwhelming medical evidence." (R & R 11.) The decision of the Commissioner to give little weight to the opinion of Dr. Caldwell is accordingly not supported by substantial evidence.

### B. Plaintiff's Remedy

Pursuant to 42 U.S.C. § 405(g), once a district court determines that a decision of the Commissioner must be reversed, it has the option to award benefits to the Plaintiff or remand the cause to the Commissioner for a rehearing. In his R & R, Judge Crigler recommends that I

---

[7] As Judge Crigler went on to explain, "[e]ven the State review agency physicians did not find that plaintiff was capable of performing light work. Instead, they predicted that plaintiff would improve and thus would be able to perform light work before he met the durational requirement. That simply did not happen." (R & R 11 (citing R. at 166, 202).)

recommit the case to the Commissioner for the sole purpose of calculating and paying benefits. (R & R 14.) The Commissioner, on the other hand, argues that a remand is a more appropriate remedy. (Def.'s Obj. 5−6.) Because there is insufficient evidence in the Record to make a determination regarding Plaintiff's disability, I will remand this case to the Commissioner for further proceedings.

In the context of administrative law, "[i]f the record before the agency does not support the agency action," or, "if the agency has not considered all relevant factors . . . the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744 (1985). In particular, when a district court is unable to determine, "from review of the record as a whole, if substantial evidence supports the denial of benefits, [it] must reverse and remand for further proceedings." *Meyer v. Astrue*, 662 F.3d 700, 702 (4th Cir. 2011); *see also Loving v. Astrue*, No. 3:11cv411−HEH, 2012 WL 4329283, at *9−10 (E.D. Va. Sept. 20, 2012) (rejecting the recommendation of a magistrate judge to award benefits and remanding to the Commissioner for further proceedings in light of *Meyer*).

As Judge Crigler notes in the R & R, it is difficult to ascertain from the Record precisely which limitations were taken into account for purposes of the hypothetical questions posed to the vocational expert ("the VE"). (R & R 12−13 .) What is clear from the transcript of the hearing, however, is that the ALJ never questioned the VE regarding the other limitations set forth by Dr. Caldwell, such as Plaintiff's inability to perform repetitive tasks. (R. at 50-55.) As a result, the Commissioner's final decision failed to take into account all of the restrictions set forth in the evidence. Without the benefit of additional testimony from the VE, it is impossible to determine

whether Plaintiff's limitations would preclude all jobs that exist in significant numbers in the national economy.

On remand, the Commissioner must fully and fairly develop the Record. Specifically, the ALJ must attempt to clarify the opinions of the vocational expert with respect to Plaintiff's limitations. Further, the ALJ must accord the opinions of Dr. Caldwell, Plaintiff's treating rheumatologist, the deference to which they are entitled. The Commissioner must consider the whole Record, including the opinions of Dr. Caldwell and the additional testimony of the vocational expert, in order to determine whether and when Plaintiff qualified for disability benefits. Thus, while the ALJ must give proper weight to Dr. Caldwell's medical opinion, whether Plaintiff is legally disabled under those facts and circumstances remains a question for the Commissioner.

### C. Plaintiff's Motion to Complete the Record

As a final matter, Plaintiff seeks to introduce additional information regarding a subsequent award of disability insurance benefits by way of his Motion to Complete the Record. (*See* Pl.'s Mot. Complete R.) Plaintiff characterizes the two additional exhibits as necessary to complete the Record, (*id.* at 1,) but the Commissioner argues that introducing evidence of a subsequent favorable decision is contrary to precedent. (Def.'s Resp. Pl.'s Mot. Complete R. 1−3.) While the Commissioner and Judge Crigler disagree with respect to the weight of authority in the Fourth Circuit,[8] again I stand with the Magistrate Judge, as he points out that the

---

[8] *Compare* Def.'s Resp. Pl.'s Mot. Complete R. 1−3 (citing *Baker v. Comm'r of Soc. Sec.*, 520 F.App'x 228 (4th Cir. 2013) (per curiam) (unpublished) ("[A] subsequent favorable decision itself, as opposed to the evidence supporting the subsequent decision, does not constitute new and material evidence under § 405(g)." (quoting *Allen v. Comm'r*, 561 F.3d 646, 653 (6th Cir. 2009)))), *with* R & R 13−14 (citing *Bird v. Comm'r of Soc. Sec.*, 699 F.3d 337 (4th Cir. 2012) (holding that another agency's determination of disability is relevant evidence to a Social Security Administration disability determination)). Judge

subsequent case determined Plaintiff to be disabled only one day after the ALJ's decision in this case. One would be hard pressed to say that the second disability occurred all in one day. Accordingly, I find Plaintiff's evidence to be relevant to the matter at hand, and I will grant Plaintiff's Motion to Complete the Record.

## IV. CONCLUSION

The decision of the ALJ to give the opinion of Plaintiff's treating physician little weight is not supported by substantial evidence. Because there is insufficient evidence in the Record to make an ultimate determination with respect to Plaintiff's disability, a remand is necessary to further develop the relevant facts and assess Plaintiff's employment potential. Therefore, I will **SUSTAIN IN PART AND OVERRULE IN PART** the Commissioner's Objection, **ADOPT IN PART AND REJECT IN PART** Judge Crigler's R & R, **GRANT IN PART AND DENY IN PART** Plaintiff's Motion for Summary Judgment, **DENY** the Commissioner's Motion for Summary Judgment, **GRANT** Plaintiff's Motion to Complete the Record, **REMAND** this case to the Commissioner for further proceedings, and **DISMISS** this case from the active docket of the Court.

The Clerk is directed to send a copy of this Memorandum Opinion and the accompanying Order to all counsel of record and to Magistrate Judge Crigler.

Entered this 28th day of October, 2013.

s/Jackson L. Kiser
SENIOR UNITED STATES DISTRICT JUDGE

---

Crigler did not adopt the subsequent award of benefits as a rationale for reversal, but "acknowledge[d] and decline[d] to accept the Commissioner's position on this issue." R & R 13−14.